IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NATHANIEL J BROWN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CASE NO. 1:15-cv-175-MP-GRJ

JULIE JONES, et al.

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Nathaniel J. Brown, DOC # 109140, an inmate presently confined at Suwanee Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983. Docs. 1. This case is before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

The Complaint is deficient because Plaintiff failed to use the Court's form for prisoner civil rights cases. Further, Plaintiff failed to either pay the $400.00 civil case filing fee or move for leave to proceed as a pauper. However, Plaintiff is not entitled to proceed as a pauper because he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Accordingly, Plaintiff is barred from proceeding as a pauper in a civil

---

[1] *Brown v. Reception and Medical Center*, Case No. 3:07-cv-717 (M.D. Fla. 8/21/07) (dismissing complaint as frivolous); *Brown v. Hall*, Case No. 3:07-cv-750 (M.D. Fla. 8/30/07) (dismissing complaint for abuse of the judicial process for failing to disclose all prior prisoner cases); *Brown v. Hall*, Case No. 3:07-cv-894 (M.D. Fla. 7/11/08) (dismissing complaint as frivolous). Plaintiff is aware of the three-strikes bar because this Court applied the bar in dismissing additional cases: *Brown v. Secretary*, 4:13-cv-230-RH-GRJ (N.D. Fla. 5/28/13); *Brown v. Secretary*, Case No. 4:13-cv-21 (N.D. Fla. 2/19/13); *Brown v. Secretary*, 4:13-cv-22-WC-CAS (N.D. Fla. 3/1/13); and *Brown v. Dept. of Navy*, 4:13-cv-23-RH-CAS (3/12/13).

action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

The Complaint is a classic "shotgun" pleading reciting a litany of claims against 13 defendants at Suwannee CI. Plaintiff's claims include alleged retaliation by corrections officers for filing grievances, an assault by an inmate, denial of a Ramadan meal, and loss of personal property while Plaintiff was placed in administrative confinement. Doc. 1. The Complaint therefore suffers from misjoinder of defendants in contravention of Federal Rule of Civil Procedure 20(a)(2), which states that multiple

defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there *must* be a "question of law or fact common to all defendants" in the action. Both prongs of the test must be met in order for joinder to be appropriate. *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008). The mere fact that all of the incidents alleged in the Complaint occurred at the same institution is insufficient to join them in one lawsuit.

It appears that Plaintiff's primary claim stems from an incident involving his cellmate, Nicholas Hartman. Plaintiff alleges that he was placed in administrative confinement with Hartman after Plaintiff filed grievances against corrections officers. Plaintiff alleges that Hartman suffered from psychological problems, which Plaintiff called to the attention of prison staff. Plaintiff alleges that staff took no action to remove Hartman. Plaintiff alleges that while sleeping on his bunk he was "awakened by a sharp pain running up his leg from his ankle to his knee . . . he looked up to see inmate Hartman holding his ankle and foot in both hands screaming he's god and that he was gonna break my ankle[.]" Plaintiff alleges that he then "snatched his ankle out of Hartman's hand, jumped up and told him 'don't ever touch me again!'" Doc. 1 at 6-7. After Plaintiff informed staff of the incident, Plaintiff was removed from the cell without incident and Hartman was forcibly removed. *Id*. at 7. Plaintiff was taken to the medical department and subsequently filled out a witness form in connection with an incident report. *Id.*

Liberally construing Plaintiff's allegations, it is clear that the minor physical

altercation with Hartman does not amount to a present risk of imminent serious injury. Plaintiff conclusionally alleges that he has faced harassment and verbal threats of harm from staff, but there are no specific factual allegations suggesting that Plaintiff has suffered ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.  Plaintiff's allegations focus particularly on threats made by Officer Twiggs.  Plaintiff contends that Twiggs has assaulted other inmates, but the most serious allegation Plaintiff makes against Twiggs is that Twiggs "point[ed] his finger in my face and was poking me in my chest (which constitutes assault)." Doc. 1 at 11.

Based on a review of the Complaint as a whole, the Court concludes that Plaintiff has not alleged an imminent danger of serious physical injury sufficient to overcome the three-strikes bar.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS** this 3rd day of September 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**